UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIBIN XIE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California, et al.,<br><br>Respondents. | Case No.: 3:25-cv-03649-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. 1] |

Pending before the Court is Petitioner Zhibin Xie's ("Petitioner") Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims he is being detained in the Otay Mesa Detention Center by Respondents in violation of the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1226(a)–(b), and the Administrative Procedure Act ("APA"). (Doc. 1 ¶¶ 92–107.)[1] For the reasons set forth below, the Petition (Doc. 1) is **GRANTED**.

---

[1] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

1

## I. BACKGROUND

Petitioner "came to the United States from China fleeing political persecution." (Doc. 1 ¶ 7.) On September 29, 2023, he entered the United States without inspection and "shortly thereafter made contact with Border Patrol officials." (*Id.* ¶ 8.) Petitioner was briefly detained and released on October 1, 2023 on an Order of Release on Own Recognizance "after [ICE] determine[ed] he was neither a flight risk nor a danger to the community." (*Id.* ¶¶ 9, 42.) The Order of Release was issued under Section 236 of the Immigration and Nationality Act ("INA") and set forth conditions of Petitioner's release. (*Id.* ¶ 11.) Petitioner was also issued a Notice to Appear to pursue his asylum claim which charged him as removable under INA § 212(a)(6)(A)(i) as a noncitizen "present in the United States who has not been admitted or paroled…." (*Id.* ¶¶ 9–10.)

Since then, Petitioner obtained a work permit, "complied with all conditions of his release on conditional parole (including ICE check-in requirements), . . . hired counsel, timely filed his asylum application and attended all his court hearings." (*Id.* ¶¶ 12, 15.) He has no criminal record. (*Id.* ¶ 15.) On August 2, 2025, ICE arrested Petitioner while he was walking down a residential street in San Diego. (*Id.* ¶ 13.) Petitioner requested a bond hearing on September 8, 2025, but the immigration judge declined to take jurisdiction. (*Id.* ¶ 14.) Petitioner remains detained at the Otay Mesa Detention Center. (*Id.* ¶¶ 1, 14.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III. DISCUSSION

Based on the final judgment recently entered in the *Bautista* class action, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to . . . a bond hearing . . . held pursuant to [§ 1226(a)]." (*See* Doc. 4 at 1–2 (citing *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025)).) Petitioner maintains that his detention is governed by § 1226(a) but argues he is not a *Bautista* class member because he was apprehended upon arrival and released on conditional parole. (Doc. 5 at 2 & n.1).[2] Petitioner further argues his immediate release is the appropriate remedy because ICE revoked his release on parole and re-detained him without providing notice or an opportunity to be heard in violation of the Fifth Amendment's Due Process Clause and the APA. (*Id.* at 8–10; *see* Doc. 1 ¶¶ 42–73.)

As a preliminary matter, the Court agrees that Petitioner does not qualify as a member of the *Bautista* class. Unlike the class members in *Bautista* who entered the United States without apprehension, Petitioner was previously detained, identified as inadmissible, placed in removal proceedings, found to be neither a flight risk nor a danger to the community, and released on his own recognizance. *Cf. Bautista*, 2025 WL 3713987, at *24–25 (assessing class certification requirements and noting that at the time of their arrest, petitioners were already in the United States, charged inadmissible, detained, and denied a bond hearing). Petitioner therefore maintains "a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2025)

---

[2] *See Bautista*, 2025 WL 3713987, at *32 (defining the Bond Eligible Class as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.").

(distinguishing the right to a pre-deprivation hearing for noncitizens who have not been previously detained from a petitioner who was released from ICE custody on her own recognizance after her initial apprehension and re-detained two years later).

This Court has granted several habeas petitions filed by similarly situated petitioners who were released from ICE detention on conditional parole and re-detained several years later. In *Faizyan v. Casey*, the Court applied the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see also Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *2 (S.D. Cal. Nov. 13, 2025) (reaching the same conclusion as to the revocation of a petitioner's humanitarian parole). The Court "conclude[d] that due process require[d] [the petitioner] to be released from custody and receive a bond hearing before an immigration judge before he can be re-detained." *Faizyan*, 2025 WL 3208844, at *7.

Like in *Faizyan*, Petitioner was first released on an Order of Release on Own Recognizance pursuant to INA § 236 and lived in the United States for about two years before he was re-detained. *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (finding a noncitizen released on an "Order of Release on Recognizance" pursuant to INA § 236 "was conditionally paroled under the authority of § 1226(a)"). It is also undisputed that Petitioner was re-detained, and his conditional parole was revoked, without a hearing. (Doc. 1 ¶ 1; *see generally* Doc. 4.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, ICE's revocation of Petitioner's release on conditional parole without a pre-deprivation or bond hearing violated his due process rights and rendered his detention unlawful. Accordingly, the Court grants the Petition.[3]

---

[3] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Release on Own Recognizance.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[4]

**IT IS SO ORDERED.**

DATE: January 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[4] This relief has been granted in similar matters. See *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at *7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).